## Commonwealth v. Carroll and Hildebrand.

*Conspiracy—Adultery—Statutory rape—Indictment—Demurrer.*

1. There is no such offence as a conspiracy to commit adultery or statutory rape.

2. There can be no indictment for conspiracy to commit a crime where the concerted action of the defendants is part of the criminal act.

3. An indictment for conspiracy against A and B which charges that they conspired and agreed that A would commit adultery with C, a minor, in order that a divorce could be obtained by A's wife, whom B could then marry, and that A did thereupon commit adultery and statutory rape with C, will be set aside on demurrer.

Indictment for conspiracy. Demurrer. Q. S. Lancaster Co., Sept. Sess., 1925, No. 14.

G. T. Hambright and John E. Malone, for demurrer.

Joseph B. Wissler, District Attorney, contra.

LANDIS, P. J., Jan. 16, 1926.—The indictment in this case charges that the defendants "did unlawfully, falsely and maliciously conspire, combine, confederate and agree that the said Wilfred Carroll should do an unlawful act to the prejudice of Charles A. Brown, Estella Brown and Alice Carroll, in

Commonwealth v. Carrol and Hildebrand.

that he, the said Wilfred Carroll, then and there being married to the said Alice Carroll, should commit adultery with the said Estella Brown, minor daughter of the said Charles A. Brown, to the end that thereupon a separation and divorce could be obtained by the said Alice Carroll from the said Wilfred Carroll, and thereupon the said Christ Hildebrand could marry the said Alice Carroll; and then and there in execution of the said last-mentioned premises and in pursuance of the said conspiracy, combination and agreement between and amongst them as aforesaid, the said Wilfred Carroll did commit adultery and statutory rape on and with the said Estella Brown." To this indictment a demurrer has been filed, which alleges that no sufficient offence is charged under the laws of the Commonwealth, and that the indictment shows on its face that all the parties named therein were parties to the alleged conspiracy and their consent or concerted action was necessary thereto.

If Wilfred Carroll committed the crimes of adultery and statutory rape, he can be indicted and tried for those offences. But the charge laid in this indictment is conspiracy, and in Shannon and Nugent v. Com., 14 Pa. 226, it has been decided that there is no such offence as a conspiracy between a man and a woman to commit adultery. As statutory rape arises out of the same act, the same result would seem to follow. Gibson, C. J., there said: "The sum of the charge is joint consent, which is an ingredient in every fornication or adultery, and if it were separately a substantive offence, parties acquitted of actual connection might be put on trial for what would be in morals a lower degree of the same transgression. The statute which made it a temporal offence contains no provision for splitting it into degrees, like homicide, to give the prosecution of it more than a single chance of success. If consent to an adultery be a lower degree of temporal crime, why might not the parties to it be found guilty of it on an indictment for actual connection? Because it may be said confederacy is an offence of a different stamp. It is so in form, but not in substance, else an adultery or a fornication consummated would consist of distinct and different crimes. But to call the thing by different names would not enable the Attorney-General to put the parties twice in jeopardy for it." In Smith v. Com., 54 Pa. 209, it was held that "it is not indictable to solicit, incite and endeavor to persuade a married woman to commit fornication or adultery;" and in Com. v. Bricker, 74 Pa. Superior Ct. 234, that "there can be no indictment for conspiracy to commit a crime where the concerted action of the defendants is part of the criminal act." Now, this alleged crime was not directed towards John A. Brown or Alice Carroll, but was solely between Wilfred Carroll and Estella Brown, and for this an indictment for conspiracy does not lie.

In addition, it is alleged that, upon the commission of the offence between Wilfred Carroll and Estella Brown, a separation and divorce could be obtained by Alice Carroll, and thereupon the said Christ Hildebrand could marry her. All this is purely supposititious, for there is no pretence on the face of this record that Alice Carroll obtained a divorce from her husband, nor that Christ Hildebrand afterwards married her. But even if he did, it would not render them indictable for conspiracy. If Hildebrand went so far as to advise Carroll to have connection with Estella Brown, he would not, for so doing, be liable for conspiracy, the main offence, being merely a misdemeanor. This alone is not an attempt to commit a misdemeanor and cannot, under the law, be so construed.

On the whole, I do not think the indictment is good in law, and for this reason the demurrer is sustained and the indictment is quashed.

Demurrer sustained.          From George Ross Eshleman, Lancaster, Pa.